# EXHIBIT - "A"

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

Electronically FILED by Superior Court of California, County of Los Angeles on 08/09/2021 07:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Austin Dove, Esq., (SBN 180321)
    *Dovelawcorp@gmail.com*
Christian Contreras, Esq., (SBN 330269)
    *Ccontreras@Justice-X.com*
**THE LAW OFFICES OF AUSTIN DOVE**
**A LAW CORPORATION**
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (213) 487-8300
Facsimile: (213) 973-4736

Attorneys for Plaintiffs,
KINCY FIELDS, et al.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| KINCY FIELDS, an individual, and JONETTA YOUNG, an individual, | **CASE NO:** 21STCV29329 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983); |
| CITY OF LOS ANGELES; and DOES 1 through 10, inclusive, | 2. First Amendment Violations (42 U.S.C. § 1983); |
| Defendants. | 3. Failure to Intervene - Bystander Liability (42 U.S.C. § 1983); |
| | 4. Violation of Fourteenth Amendment - Substantive Due Process (42 U.S.C. § 1983); |
| | 5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (*Monell*) (42 U.S.C. § 1983); |
| | 6. Municipal Liability for Ratification (*Monell*) (42 U.S.C. § 1983); |
| | 7. Municipal Liability for Failure to Train (*Monell*) (42 U.S.C. § 1983); |
| | 8. Assault and Battery; |
| | 9. Negligence; |
| | 10. Negligent Hiring, Supervision, & Retention; |
| | 11. Tom Bane Act (Civil Code 52.1); |
| | 12. Ralph Act (Civil Code 51.7); |
| | 13. Loss of Consortium |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

1.     Plaintiffs KINCY FIELDS, an individual (hereinafter sometimes referred to as "FIELDS") and JONETTA YOUNG, an individual (hereinafter sometimes referred to as "YOUNG") bring this action against the CITY OF LOS ANGELS (hereinafter also referred to as "CITY"), and DOES 1-10 and allege as follows:

2.     This action seeks compensatory and punitive damages from individual officers, sergeants, employees of CITY, senior Los Angeles Police Department (hereinafter "LAPD") officials, and from the CITY OF LOS ANGELES for violations of state law and fundamental rights under the United States Constitution in connection with the brutalization of KINCY FIELDS and JONETTA YOUNG while they were peacefully protesting on May 30, 2020 in Los Angeles, California.

**PARTIES**

3.     At all relevant times KINCY FIELDS, was and is an individual residing in the County of Los Angeles, California.

4.     At all relevant times JONETTA YOUNG, was and is an individual residing in the County of Los Angeles, California.

5.     Defendant CITY OF LOS ANGELES is a public entity. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the LAPD, and its agents, officers, sergeants, supervisors and employees. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the LAPD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

6.     At all relevant times, Defendants DOES 1 through 10 were employees of Defendant CITY. At all times relevant, Defendants DOES 1 through 10 were an employee and/or agent of Defendant COLA and each of these individual Defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COLA and the LAPD as well as under the color of the statutes and

1 | regulations of the State of California. Defendants DOES 1 through 10 are sued both as
2 | employees, agents, representatives and/or servants of CITY and sued in their individual
3 | capacities for damages only. At all relevant times, Defendants DOES 1 through 10,
4 | inclusive, were duly authorized employees and agents of CITY, who were acting under
5 | color of law within the course and scope of their individual and/or representative capacities
6 | and respective duties as officers and law enforcement agents and with the complete
7 | authority and ratification of their principal, Defendant CITY.

8 |       7.    The true names of Defendants Does 1 Through 10, inclusive, are unknown to
9 | Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek
10 | leave to amend this complaint to show the true names and capacities of these defendants
11 | when they have been ascertained. Each of the fictitious named defendants is responsible in
12 | some manner for the conduct and liabilities alleged herein.

13 |       8.    At all times mentioned, each of the Defendants and DOE Defendants caused
14 | and is responsible for the unlawful conduct and resulting by, inter alia, personally
15 | participating in the conduct, or acting jointly and in concert with others who did so by
16 | authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the
17 | unlawful conduct by promulgating or failing to promulgate policies and procedures
18 | pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate
19 | indifference to Plaintiffs' rights, to initiate and maintain adequate supervision, security,
20 | training, compliance with responsibilities and duties, and staffing; by failing to maintain
21 | proper and adequate policies, procedures and protocols; and by ratifying and condoning the
22 | unlawful conduct performed by agents and officers, OFFICERS, and employees under their
23 | direction and control. The true names and identities of Defendants DOES 1 through 10 are
24 | currently unknown and DOES 1 through 10 are now sued herein by their inclusion in this
25 | Complaint upon its filing even though currently fictitiously named and when the true
26 | identities of Defendants DOES 1 through 10 are discovered they will have already been
27 | sued herein as related back to the time of the filing of this Complaint.
28 | ///

**COMPLAINT FOR DAMAGES**

9.      Each of the Defendants, including Defendants DOES 1 through 10, caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct of Plaintiffs' harm, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, including Defendants DOES 1 through 10, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

10.     Whenever and wherever reference is made in this Complaint to any act by Defendants and DOE Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally.

**JURISDICTION AND VENUE**

11.     This action is properly filed in the Los Angeles County Superior Court as it seeks remedies under state law for the violation of Plaintiffs' rights. Furthermore, this civil action is brought by Plaintiffs for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution.

12.     Venue is proper in this Court because Defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in, the City of Los Angeles, California. Plaintiff herein timely and properly presented tort / government claims

**COMPLAINT FOR DAMAGES**

1   to Defendants CITY OF LOS ANGELES (including any of its unknown OFFICERS or

2   employees) pursuant to Cal. Gov. Code § 910 et seq. preserving Plaintiffs' state law claims

3   against Defendants CITY and unknown officers or employees DOES 1 through 10.

4   Defendant CITY OF LOS ANGELES rejected Plaintiffs' tort / government claim and this

5   action is timely filed within six months of said rejections and within all applicable statutes

6   of limitations.

7               **FACTUAL ALLEGATIONS**

8       13.    On May 29, 2020, Plaintiffs KINCY FIELDS and JONETTA YOUNG were

9   peacefully protesting in an area near Staples Center in Los Angeles, California.

10       14.    KINCY FIELDS and JONETTA YOUNG were with other peaceful

11   protesters. LAPD officers then began "kettling" or forcing FIELDS and other protesters to

12   walk in a certain direction.

13       15.    FIELDS, YOUNG and other protesters arrived near the area of Los Angeles

14   City Hall where they were met by Defendants DOE OFFICERS 1-5 who barricaded

15   FIELDS and other peaceful protesters.

16       16.    Upon information and belief, KINCY FIELDS and JONETTA YOUNG were

17   standing, not presenting an imminent threat of death or serious bodily injury nor any other

18   threat whatsoever, when Defendants DOE OFFICERS 1-5 shot multiple rubber bullets or

19   other projectiles at FIELDS and YOUNG which indeed struck both Plaintiffs.

20       17.    FIELDS and YOUNG attempted to flee the area because they feared for their

21   safety, but Defendants DOE OFFICERS 1-5 chased KINCY FIELDS and JONETTA

22   YOUNG other protesters down to continue to shoot them with rubber bullets and other

23   projectiles.

24       18.    In retaliation for exercising their First Amendment rights, KINCY FIELDS

25   and JONETTA YOUNG were detained, arrested, and booked at a police station.

26       19.    As a result of being struck by the projectiles, Defendants DOE OFFICERS 1-

27   5 fired at KINCY FIELDS, Plaintiff suffered burning, bruising, loss of feeling, and great

28   pain, to his thigh. KINCY FIELDS's hip was also injured preventing KINCY FIELDS from

1    standing for a significant amount of time. In addition to the physical injuries, KINCY

2    FIELDS suffered psychological injuries in several form including post-traumatic stress

3    disordering stemming from the traumatic encounter with Defendants DOE OFFICERS 1-5

4    and other LAPD officers.

5         20.    As a result of being struck by the projectiles, Defendants DOE OFFICERS 1-

6    5 fired at YOUNG, Plaintiff also suffered physical and psychological injuries. In addition

7    to the physical injuries, YOUNG suffered psychological injuries in several form including

8    post-traumatic stress disordering stemming from the traumatic encounter with Defendants

9    DOE OFFICERS 1-5 and other LAPD officers.

10        21.    Unfortunately, more recently, Plaintiffs FIELDS and YOUNG began

11   experiencing severe losses with each other's love, companionship, comfort, care,

12   assistance, protection, affection, society, moral support, and the loss of the enjoyment of

13   sexual relations including, inability to have children. In fact, FIELDS cannot even move his

14   hip well due to his injuries. Plaintiffs FIELDS and YOUNG relationship has been severely

15   impacted as a result of the actions of Defendants DOE OFFICERS 1-5 and other LAPD

16   officers, as alleged above and herein.

17                          **FIRST CAUSE OF ACTION**

18       **FOR UNREASONABLE SEARCH AND SEIZURE — EXCESSIVE FORCE**

19                              **(42 U.S.C. § 1983)**

20        **(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants DOE**

21                                **OFFICERS 1-5)**

22        22.    Plaintiffs repeats and re-allege each allegation in all the preceding paragraphs

23   of this Complaint with same force and effect as if fully set forth herein.

24        23.    The foundation of the Fourth Amendment is reasonableness, the force used

25   on FIELDS was fundamentally unreasonable and in violation of FIELDS's Fourth

26   Amendment right to be secure in his person against an unreasonable searches and seizures.

27        24.    On May 29, 2020, Defendants DOE OFFICERS 1-5, acting in their individual

28   and/or representative capacities, in the course and scope of their employment with LAPD,

acting under color of law, used unreasonable and excessive force and violated the Constitutional Rights of FIELDS and YOUNG when they shot FIELDS and YOUNG with a less than lethal projectile multiple times.

25.    The use of force against FIELDS and YOUNG after by Defendants DOE OFFICERS 1-5 deprived FIELDS and YOUNG of their right to be secure in his person against unreasonable searches and seizures as guaranteed to FIELDS and YOUNG under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.    When Defendants DOE OFFICERS 1-5 used force on FIELDS and YOUNG, Plaintiffs were not committing a crime, resisting arrest, evading arrest by flight, nor did they present an imminent threat of death or serious bodily injury to anyone, showing the force used by Defendants DOE OFFICERS 1-5, was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

27.    Further, by virtue of their misconduct, Defendants DOE OFFICERS 1-5, inclusive are liable for FIELDS and YOUNG's violation of rights, either because these Defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

28.    This use of excessive force by Defendants DOE OFFICERS 1-5 was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived Plaintiffs FIELDS and YOUNG of their right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

29.    Plaintiffs by this action, further claims all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining, and prosecuting this action under 42 U.S.C. Section 1988.

30.    The conduct of Defendants DOE OFFICERS 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as

1    to Defendants DOE OFFICERS 1-5, inclusive.

2                    **SECOND CAUSE OF ACTION**

3                   **FOR FIRST AMENDMENT VIOLATIONS**

4                        **(42 U.S.C. § 1983)**

5    **(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants DOE**

6                            **OFFICERS 1-5)**

7          31.    Plaintiffs repeats and re-allege each allegation in all the preceding paragraphs

8    of this Complaint with same force and effect as if fully set forth herein.

9          32.    The bedrock of the First Amendment to the United States Constitution it is

10   that the government may not prohibit the expression of an idea simply, especially when it

11   concerns freedom of assembly and the right to petition the government.

12         33.    On May 29, 2020, Defendants DOE OFFICERS 1-5, acting in their individual

13   and/or representative capacities, in the course and scope of their employment with LAPD,

14   acting under color of law, violated FIELDS's First Amendment rights when they shot

15   FIELDS with a less than lethal projectile multiple times simply because he was peacefully

16   protesting.

17         34.    Under the First Amendment, a citizen has the right, to free expression, and to

18   petition the government, among other rights. On May 29, 2021, Plaintiffs were engaged in

19   a constitutionally protected activity by peacefully protesting but Defendant's actions against

20   Plaintiff chilled Plaintiffs from continuing to engage in the protected activity of protesting.

21   Clearly, Plaintiffs' protected activity was a substantial or motivating factor in the

22   defendant's conduct.

23         35.    When Defendants DOE OFFICERS 1-5 violated Plaintiffs' First Amendment

24   rights, FIELDS nor YOUNG were not committing a crime, resisting arrest, evading arrest

25   by flight, nor did they present an imminent threat of death or serious bodily injury to anyone,

26   showing the force used by Defendants DOE OFFICERS 1-5, was intended to violated the

27   First Amendment rights of Plaintiff, and therefore in violation of 42 U.S.C. Section 1983.

28   ///

                                    8
                        **COMPLAINT FOR DAMAGES**

36.     Further, by virtue of their misconduct, Defendants DOE OFFICERS 1-5, inclusive are liable for FIELDS's and YOUNG's violation of rights, either because these Defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

37.     Plaintiffs by this action, further claims all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining, and prosecuting this action under 42 U.S.C. Section 1988.

38.     The conduct of Defendants DOE OFFICERS 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS 1-5, inclusive.

## THIRD CAUSE OF ACTION

### FOR FAILURE TO INTERVENE - BYSTANDER LIABILITY

### (42 U.S.C. § 1983)

### (By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants DOE OFFICERS 1-5)

39.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

40.     As alleged in the preceding claims for relief, DOE OFFICERS 1-5 violated FIELDS's and YOUNG's right to be free from unreasonable detention, excessive force, and the FIELDS's and YOUNG's right to timely medical care was also violated.

41.     Defendants DOE OFFICERS 1-5, acting in their individual and/or representative capacities, in the course and scope of their employment with LAPD, acting under color of law, had a duty to intervene to prevent unreasonable detentions, the use of excessive force, and the violation of FIELDS's and YOUNG's rights.

42.     Defendants DOE OFFICERS 1-5 had a reasonable opportunity to intervene when FIELDS and YOUNG were unreasonably detained, was subjected to excessive force, and ultimately subjected to being struck by projectiles multiple times.

43.     Despite Defendants DOE OFFICERS duty to intervene, Defendants DOE OFFICERS 1-5 failed to intervene.

44.     The failure of Defendants DOE OFFICERS to intervene thus caused FIELDS's constitutional rights to be violated.

45.     FIELDS and YOUNG by this action, further claims all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

46.     The conduct of Defendants DOE OFFICERS 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS 1-5, inclusive.

**FOURTH CAUSE OF ACTION**

**FOR VIOLATION OF FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS**

**(42 U.S.C. § 1983)**

**(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants DOE OFFICERS 1-5)**

47.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

48.     Plaintiff KINCY FIELDS has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the KINCY FIELDS and/or by acting with a purpose to harm unrelated to any legitimate law enforcement objective.

49.     Furthermore, JONETTA YOUNG also has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the YOUNG

1  and/or by acting with a purpose to harm unrelated to any legitimate law enforcement

2  objective.

3      50.    On May 29, 2020, when Plaintiff KINCY FIELDS and YOUNG were

4  peacefully protesting in Downtown Los Angeles, California, they was shot with projectiles

5  at close range by Defendants DOE OFFICERS 1-5 which caused them physical and

6  psychological injuries.

7      51.    The aforementioned actions of Defendants DOE OFFICERS 1-5, and Does 6

8  through 10, inclusive, along with other undiscovered conduct, violated the Due Process

9  Clause of the Fourteenth Amendment, shocked the conscience.

10     52.    Defendants had time to deliberate and then used deadly force that shocks the

11 conscience and with a purpose to harm unrelated to any legitimate law enforcement

12 objective in violation of 42 U.S.C. Section 1983 in violation of the constitutional rights of

13 Plaintiff.

14     53.    Defendants DOE OFFICERS 1-5, and Does 6 through 10, inclusive, thus

15 violated the substantive due process rights of Plaintiffs KINCY FIELDS and JONETTA

16 YOUNG to be free from unwarranted governmental interference.

17     54.    As a result of the use of excessive force by Defendants DOE OFFICERS 1-

18 5, Plaintiffs were injured. Such injury includes loss of consortium. Unfortunately, more

19 recently, Plaintiffs FIELDS and YOUNG began experiencing severe losses with each

20 other's love, companionship, comfort, care, assistance, protection, affection, society, moral

21 support, and the loss of the enjoyment of sexual relations including, inability to have

22 children. In fact, FIELDS cannot even move his hip well due to his injuries. Plaintiffs

23 FIELDS and YOUNG relationship has been severely impacted as a result of the actions of

24 Defendants DOE OFFICERS 1-5 and other LAPD officers, as alleged above and herein.

25     55.    The conduct of Defendants DOE OFFICERS 1-5, inclusive was willful,

26 wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs

27 and therefore warrants the imposition of exemplary and punitive damages as to Defendants

28 DOE OFFICERS 1-5, inclusive.

56.    FIELDS and YOUNG by this action, further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

57.    The conduct of Defendants DOE OFFICERS 1-5, and Does 6 through 10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS 1-5, and Does 6 through 10, inclusive.

## FIFTH CAUSE OF ACTION

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (*MONELL*) - (42 U.S.C. § 1983)**

**(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants CITY and DOES 6-10)**

58.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

59.    On information and belief, Defendant DOE OFFICERS 1-5, attempted to detain and, ultimately seized KINCY FIELDS and JONETTA YOUNG, as well as violated the First Amendment rights of KINCY FIELDS and JONETTA YOUNG pursuant to an LAPD policy, custom or practice.

60.    On and for some time prior to May 29, 2020 (and continuing to the present date), Defendants CITY, and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

i.    Firing 40mm projectiles from weapons at individuals from close range;

ii.    Firing 37mm projectiles from weapons at individuals from close range;

iii.   Firing 40mm projectiles from weapons at individuals, who were not violently resisting arrest or presenting an immediate threat of violence or physical, from

close range;

iv.   Firing 37mm projectiles from weapons at individuals, who were not violently resisting arrest or presenting an immediate threat of violence or physical,  from close range;

v.    Firing 40mm and 37 mm at the head, neck, face, eyes, or spine of individuals from close range;

vi.   Permitting untrained LAPD officers to fire 37mm and 40mm projectiles from weapons at individuals;

vii.  Firing bean bags from shotguns at individuals from close range;

viii. Firing bean bags from shotguns at individuals, who were not violently resisting arrest or presenting an immediate threat of violence or physical, from close range.

61.   By reason of the policies and practices of Defendants CITY and DOES 1-10, KINCY FIELDS and JONETTA YOUNG were severely injured and subjected to pain and suffering and ultimately.

62.   The aforementioned policies and practices of Defendants was the moving force that caused Defendants DOE OFFICERS to use unreasonable force on KINCY FIELDS, who was also unarmed and did not present an imminent danger to Defendants or others.

63.   Defendants CITY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

64.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10 acted with intentional and reckless indifference as to Plaintiffs' constitutional rights. Furthermore, the policies, practices, and

1  customs and callous disregard for the life of Plaintiffs which are maintained, and still

2  tolerated by Defendants CITY and Does 1-10 were affirmatively linked to and were a

3  significantly influential force behind the injuries of Plaintiffs.

4      65.    By reason of the acts and omissions of Defendants CITY and Does 1-10,

5  Plaintiffs were caused to incur damages as stated elsewhere herein.

6      66.    The actions of each of Defendants DOES 1-10 were willful, wanton,

7  oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any

8  person of normal sensibilities, and therefore warrants the imposition of exemplary and

9  punitive damages as to Defendants DOES 1-10.

10     67.    Accordingly, Defendants CITY and DOES 1-10 each are liable to Plaintiffs

11  for compensatory damages under 42 U.S.C. § 1983.

12                        **SIXTH CAUSE OF ACTION**

13          **MUNICIPAL LIABILITY FOR RATIFICATION (*MONELL*) –**

14                         **(42 U.S.C. § 1983)**

15  **(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants CITY**

16                         **and DOES 6-10)**

17     68.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs

18  of this Complaint with same force and effect as if fully set forth herein.

19     69.    Defendants DOE OFFICERS 1-5, and Does 6 through 10, inclusive acted

20  under color of law.

21     70.    The acts of the individual defendants deprived KINCY FIELDS and

22  JONETTA YOUNG of their particular rights under the United States Constitution.

23     71.    Upon information and belief, a final policymaker or final policy makers,

24  Defendants Does 6 through 10, acting under color of law, who had final policymaking

25  authority concerning the acts of the individual LAPD officers, ratified the acts of the

26  defendants' acts and the bases for them.

27     72.    Upon information and belief, the final policymaker knew of and specifically

28  approved of the individual defendants' acts.

73.    Upon information and belief, a final policymaker or final policy makers, Defendants Does 6 through 10, determined that the acts of the individual defendants were "within policy."

74.    Not only did a final policymaker or final policy makers, Defendants Does 6 through 10, determined that the acts of the individual defendants were "within policy," final policy makers, Defendants Does 6 through 10, decided to continue to order or permit LAPD officers such as Defendants DOE OFFICERS 1-5 to use bean bag shotguns, 37mm and 42mm projectiles at protesters in Los Angeles, California.

75.    Indeed, on March 10, 2021, a report by Independent Counsel, Gerald Chaleff (the "Report") made was published concerning the LAPD's responses to the May 29 to June 2, 2020 protests, commissioned by the CITY. The Report revealed serious longstanding problems in the LAPD in the misuses, inadequate supervision and lack of training concerning 40 mm and 37 mm projectiles. As the Report states, 40 mm and 37 mm projectiles are only to be used in circumstances where an individual is resisting arrest or presents an imminent threat to an officer, not to disperse peaceful protestors. The Report also further documents how widespread the LAPD's abuses and uses of the 40 mm and 37 mm projectiles have been. The Report found that approximately 10,000 rounds of 40 mm and 37 mm rounds were not returned to the LAPD's armory following these protests.

76.    The Report further demonstrates, there has been no training for officers on the 40 mm, other than those going through basic training, since 2018. Before 2018, outside of the Metropolitan Division, the LAPD's only training for the weapon – patrol training – consisted of a two-hour tutorial amounting to a demonstration of how the weapon is manipulated where an officer then fired at a stationary target. The previous training did not, when it did occur, even address using the 40 mm beyond this, or in crowd situations at all. Even the LAPD's directive authorizing the use of the 40 mm has no guidance for use in public order policing situations, nor are officers adequately supervised as seen by when officers were "left to deploy less lethal tools, including the 40 mm, with no direction or coordination."

77.     Moreover, there is no credible LAPD commitment to monitor the use of these projectiles. The LAPD's inability or refusal to account for approximately 10,000 rounds officers expended during the demonstrations in the spring of 2020 is further evidence of illegal and unconstitutional use. The LAPD refused to provide investigators the number of less lethal munitions it used.

78.     In the LAPD's own recently issued After Action Report, there is not a single recognition or recommendation that addresses these well documented violations of department policy and misuse of these potentially lethal munitions against individuals who posed no imminent threat and were not resisting arrest. As the Chaleff Report highlighted, "[t]he use of the 40 mm weapon to fire at individuals who are in a crowd situation requires well-trained, experienced, and highly skilled individuals." The LAPD lacks that training, as the report also concluded. The lack of training causes injuries, sometimes significant, to non-violent protestors, and did in the May and June protests. The LAPD's violent use of projectiles against peaceful protestors reflects officers who behaved unreasonably and without proper training.

79.     Defendants CITY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

80.     By ratifying, perpetrating, sanctioning, and tolerating the outrageous conduct and other wrongful acts, Defendants DOES 1-10 acted with intentional and reckless indifference to Plaintiffs' constitutional rights. The callous disregard for the safety and life of Plaintiffs was the moving force behind Plaintiffs' injuries.

81.     By reason of the acts and omissions of Defendants CITY and Does 1-10, Plaintiffs were caused to incur damages as stated elsewhere herein.

82.     The actions of each of Defendants DOES 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

83.     Accordingly, Defendants CITY and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## SEVENTH CAUSE OF ACTION

**MUNICIPAL LIABILITY FOR FAILURE TO TRAIN (*MONELL*) - (42 U.S.C. § 1983)**

**(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants CITY and DOES 6-10)**

84.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

85.     Defendants DOE OFFICERS 1-5, and Does 6 through 10, inclusive acted under color of law.

86.     The acts of the individual defendants deprived KINCY FIELDS and JONETTA YOUNG of their particular rights under the United States Constitution.

87.     Upon information and belief, Defendant CITY, through its police department, LAPD, maintained or failed to maintain a training program which was inadequate in relation to how its police officers responded to demonstrations and protesters attending such demonstration, the CITY was deliberately indifferent to the rights of persons with whom the police officers came into contact, and the inadequacy of the training actually caused Plaintiffs' constitutional deprivation, and of those similarly situated to Plaintiffs.

88.     Indeed, on March 10, 2021, a report by Independent Counsel, Gerald Chaleff (the "Report") made was published concerning the LAPD's responses to the May 29 to June 2, 2020 protests, commissioned by the CITY. The Report revealed serious longstanding problems in the LAPD in the misuses, inadequate supervision and lack of training concerning 40 mm and 37 mm projectiles. As the Report states, 40 mm and 37 mm

projectiles are only to be used in circumstances where an individual is resisting arrest or presents an imminent threat to an officer, not to disperse peaceful protestors. The Report also further documents how widespread the LAPD's abuses and uses of the 40 mm and 37 mm projectiles have been. The Report found that approximately 10,000 rounds of 40 mm and 37 mm rounds were not returned to the LAPD's armory following these protests.

89.     The Report further demonstrates, there has been no training for officers on the 40 mm, other than those going through basic training, since 2018. Before 2018, outside of the Metropolitan Division, the LAPD's only training for the weapon – patrol training – consisted of a two-hour tutorial amounting to a demonstration of how the weapon is manipulated where an officer then fired at a stationary target. The previous training did not, when it did occur, even address using the 40 mm beyond this, or in crowd situations at all. Even the LAPD's directive authorizing the use of the 40 mm has no guidance for use in public order policing situations, nor are officers adequately supervised as seen by when officers were "left to deploy less lethal tools, including the 40 mm, with no direction or coordination."

90.     Moreover, there is no credible LAPD commitment to monitor the use of these projectiles. The LAPD's inability or refusal to account for approximately 10,000 rounds officers expended during the demonstrations in the spring of 2020 is further evidence of illegal and unconstitutional use. The LAPD refused to provide investigators the number of less lethal munitions it used.

91.     In the LAPD's own recently issued After Action Report, there is not a single recognition or recommendation that addresses these well documented violations of department policy and misuse of these potentially lethal munitions against individuals who posed no imminent threat and were not resisting arrest. As the Chaleff Report highlighted, "[t]he use of the 40 mm weapon to fire at individuals who are in a crowd situation requires well-trained, experienced, and highly skilled individuals." The LAPD lacks that training, as the report also concluded. The lack of training causes injuries, sometimes significant, to non-violent protestors, and did in the May and June protests. The LAPD's violent use of

1   projectiles against peaceful protestors reflects officers who behaved unreasonably and
2   without proper training.

3       92.    Defendants CITY and DOES 1-10, together with various other officials,
4   whether named or unnamed, had either actual or constructive knowledge of the deficient
5   training alleged in the paragraphs above. Despite having knowledge as stated above, these
6   defendants condoned, tolerated and through actions and inactions thereby ratified such
7   inadequate training. Said defendants also acted with deliberate indifference to the
8   foreseeable effects and consequences of the conduct of its officers with respect to the
9   constitutional rights of Plaintiffs, and other individuals similarly situated.

10      93.    By ratifying, perpetrating, sanctioning, and tolerating the outrageous conduct
11  and other wrongful acts, Defendants DOES 1-10 acted with intentional and reckless
12  indifference to Plaintiffs' constitutional rights. The callous disregard for the safety and life
13  of Plaintiffs was the moving force behind Plaintiffs' injuries.

14      94.    By reason of the acts and omissions of Defendants CITY and Does 1-10,
15  Plaintiffs were caused to incur damages as stated elsewhere herein.

16      95.    The actions of each of Defendants DOES 1-10 were willful, wanton,
17  oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any
18  person of normal sensibilities, and therefore warrants the imposition of exemplary and
19  punitive damages as to Defendants DOES 1-10.

20      96.    Accordingly, Defendants CITY and DOES 1-10 each are liable to Plaintiffs
21  for compensatory damages under 42 U.S.C. § 1983

22                          **EIGHTH CLAIM FOR RELIEF**

23                          **FOR ASSAULT AND BATTERY**

24      **(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against All Defendant**

25                          **CITY and DOES 1-5)**

26      97.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs
27  of this Complaint with same force and effect as if fully set forth herein.

28  ///

98.    This claim for relief against as to the CITY is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-5, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

99.    Defendants CITY, and DOE OFFICERS 1-5, inclusive, while working as OFFICERS for CITY, and acting within the course and scope of their duties, intentionally fired projectiles at Plaintiffs on May 29, 2020. Defendants had no legal justification for using the force they used against Plaintiffs and the use of force was excessive and unreasonable.

100.    At all times herein mentioned, law enforcement officers in California were only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Indeed, LAPD officers are only allowed to fire projectiles at protesters like Plaintiffs when an induvial is violently resisting arrest or presents an immediate threat of violence or physical harm. Such was clearly not the case here.

101.    When Defendants fired and struck Plaintiffs with projectiles, Defendants, inclusive, committed an unconsented touching and battered him when they used unreasonable and excessive force when they shot him with projectiles causing harm.

102.    As a direct and proximate result of the actions of Defendants, Plaintiffs were physically, and psychologically injured requiring Plaintiffs seek medical treatment.

103.    CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS 1-5, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

104.    The conduct of Defendants CITY and DOES 1-5, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs, to an award of exemplary and punitive damages as to Defendants CITY and DOES 1-5, inclusive.

**NINTH CLAIM FOR RELIEF**

**FOR NEGLIGENCE**

**(By Plaintiff KINCY FIELDS and JONETTA YOUNG Against All Defendant CITY and DOES 1-5)**

105.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

106.    This claim for relief against as to the CITY is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-5, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

107.    The actions and inactions of Defendants, including the actions of Defendants CITY and DOE OFFICERS 1-5, inclusive, were negligent and reckless. At all times herein mentioned, among other things, Defendants DOE OFFICERS 1-5 inclusive, inclusive owed a duty to follow California law that provides that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable." Defendants DOE OFFICERS 1-5, inclusive, breached their duty and were negligent and unreasonable in their actions and inactions which included but are not limited to:

    i.      The failure to properly and adequately assess the need to detain, arrest, and use force against protesters such as Plaintiffs;

    ii.     Firing 40mm projectiles from weapons at individuals such as Plaintiff from close range;

    iii.    Firing 37mm projectiles from weapons at individuals such as Plaintiffs from close range;

    iv.    Firing 40mm projectiles from weapons at individuals such as Plaintiffs, who were not violently resisting arrest or presenting an immediate threat

1          of violence or physical, from close range;

2     v.    Firing 37mm projectiles from weapons at individuals such as Plaintiffs,

3          who were not violently resisting arrest or presenting an immediate threat

4          of violence or physical,  from close range;

5     vi.   Firing 40mm and 37 mm at the head, neck, face, eyes, or spine of

6          individuals such as Plaintiffs from close range;

7     vii.  Permitting untrained LAPD officers to fire 37mm and 40mm projectiles

8          from weapons at individuals such as Plaintiffs;

9     viii. Firing bean bags from shotguns at individuals such as Plaintiffs from

10         close range;

11    ix.   Firing bean bags from shotguns at individuals such as Plaintiffs, who

12         were not violently resisting arrest or presenting an immediate threat of

13         violence or physical, from close range;

14    x.    The negligent tactics and handling of the situation with Plaintiffs,

15         including pre-use and post-use of force negligence;

16    xi.   The failure to use alternative means dispersing protesters to taking

17         protesters custody including, but not limited to, time, space,

18         verbalization, commands, hands on grappling;

19    xii.  The failure to follow their own training in that every peace officer in

20         California certified by Peace Officer Standards and Training ("POST"),

21         including Defendants DOE OFFICERS 1-10;

22    xiii. The failure to provide prompt medical care to Plaintiffs; and

23    xiv.  The failure to properly train and supervise employees, both professional

24         and non-professional, including Defendants DOES 1-5;

25    108.  As a direct and proximate result of Defendants' conduct as alleged above, and

26    other undiscovered negligent conduct, Plaintiffs were caused to suffer severe pain and

27    suffering and ultimately died and lost earning capacity.

28    ///

**COMPLAINT FOR DAMAGES**

109.    The CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS 1-5, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.    The Defendants' negligence as alleged above was a substantial factor in causing Plaintiff's injuries.

**TENTH CAUSE OF ACTION**

**NEGLIGENT HIRING, SUPERVISION, & RETENTION**

**(By Plaintiff KINCY FIELDS and JONETTA YOUNG Against Defendants CITY and DOES 6-10)**

111.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein

112.    This claim for relief against as to the CITY is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-5, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

113.    On May 29, 2020, Plaintiffs KINCY FIELDS and JONETTA YOUNG were harmed by Defendants DOE OFFICERS 1-5 when they fired multiple projectiles at them at close range despite KINCY FIELDS and JONETTA YOUNG not presenting any threat whatsoever to LAPD officers, nor violently resisting arrest.

114.    Defendant CITY is responsible for the harm Plaintiffs suffered, as alleged in this Complaint, because Defendant CITY negligently hired, supervised and/pr retained Defendants DOE OFFICERS 1-5.

115.    Clearly, Defendant CITY hired Defendants DOE OFFICERS 1-5 hired who were acting under color of law as LAPD officers on May 29, 2020.

116.    Defendants DOE OFFICERS 1-5 became unfit or incompetent to perform their duties as LAPD officers particularly in the course of dealing with protesters for which

23

**COMPLAINT FOR DAMAGES**

1    Defendants DOE OFFICERS 1-5 were hired.

2        117.    Defendant CITY knew or should have known that Defendants DOE

3    OFFICERS 1-5 were or became unfit and/or incompetent and that this unfitness and/or

4    incompetence created a particular risk to Plaintiffs and others similarly situated like

5    Plaintiffs.

6        118.    Defendants DOE OFFICERS 1-5's unfitness and/or incompetence harmed

7    Plaintiff.

8        119.    As a direct and proximate result of the actions of Defendants, Plaintiffs were

9    physically and psychologically injured requiring Plaintiffs to seek medical treatment.

10       120.    Defendant CITY's negligence in hiring, supervising and/or retaining

11   Defendants DOE OFFICERS 1-5's was a substantial factor in causing Plaintiffs' harm.

12                          **ELEVENTH CAUSE OF ACTION**

13          **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

14                           **(Tom Bane Act Violations)**

15    **(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against All Defendants)**

16       121.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs

17   of this Complaint with same force and effect as if fully set forth herein.

18       122.    This claim for relief against as to the CITY is brought pursuant to section 52.1

19   of the California Civil Code.  The present action is also brought pursuant to section 820 and

20   815.2 of the Government Code. Pursuant to section 820 of the California Government Code,

21   as a public employee, Defendants DOE OFFICERS 1-5, inclusive, are liable for injuries

22   caused by their acts or omissions to the same extent as a private person.

23       123.    At all times mentioned herein, Defendants DOE OFFICERS 1-5, were acting

24   within the course and scope of their employment and/or agency with defendant CITY. As

25   such defendant CITY is liable in respondent superior for the injuries caused by the acts and

26   omissions of Defendants DOE OFFICERS 1-5, inclusive, pursuant to section 815.2 of the

27   California Government Code.

28   ///

                              **COMPLAINT FOR DAMAGES**

124.   On May 29, 2020, Plaintiff KINCY FIELDS and JONETTA YOUNG were harmed by Defendants DOE OFFICERS 1-5 when they fired multiple projectiles at them at close range despite KINCY FIELDS and JONETTA YOUNG not presenting any threat whatsoever to LAPD officers, nor violently resisting arrest.

125.   Instead of lawfully carrying out their duties, Defendants DOE OFFICERS 1-5, inclusive, interfered, or at the very least attempted to interfere, with KINCY FIELDS' rights and JONETTA YOUNG's rights, as guaranteed by the Constitution, to be free from unreasonable searches and seizures and free exercise of assembly and petition by threat, intimidation, and coercion as well as his rights to protest and peacefully assembly. Such violations are illustrated by how Defendants DOE OFFICERS 1-5, fired multiple projectiles at Plaintiffs.

126.   Upon information and belief, Defendants DOE OFFICERS 1-5, did in fact interfere with KINCY FIELDS' and JONETTA YOUNG's constitutional rights by threat, intimidation, and coercion by shooting projectiles at him while KINCY FIELDS and JONETTA YOUNG were not presenting any threat whatsoever to LAPD officers, nor violently resisting arrest.

127.   All of the above acts and omissions of Defendants DOE OFFICERS 1-5, were made with the intention to interfere or with the intention attempt to interfere with KINCY FIELDS's and JONETTA YOUNG's rights in the form of threats, intimidation, and coercion.

128.   All of the above acts and omissions of Defendants DOES 1 through 5, inclusive were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages to Plaintiffs as to said defendants.

129.   As a proximate result of the acts of Defendants DOE OFFICERS 1-5, KINCY FIELDS and JONETTA YOUNG suffered multiple personal and psychological injuries.

130.   The above acts of defendants violated KINCY FIELDS' and JONETTA YOUNG's civil rights as protected by section 52.1 of the Civil Code.

///

131.   As such, Plaintiffs are entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 52.1, and any other additional relief that the court deems proper.

<u>**TWELFTH CAUSE OF ACTION**</u>

**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.7**

**(Ralph Civil Rights Act of 1976 Violations)**

**(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against All Defendants)**

132.   Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

133.   This claim for relief against as to the CITY is brought pursuant to section 51.7 of the California Civil Code. The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOE OFFICERS 1-5, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

134.   On May 29, 2020, DOE OFFICERS 1-5, inclusive, used violence and intimidation on Plaintiffs KINCY FIELDS and JONETTA YOUNG based on KINCY FIELDS's and JONETTA YOUNG's protected characteristic of race, national origin, clear, apparent vulnerability and mentally and/or physically disabled.

135.   Upon information and belief, a substantial and motivating reason for the DOE OFFICERS 1-5 use of violence and intimidation was because of Plaintiffs' race, national origin, clear, apparent vulnerability and mentally and/or physically disabled in reckless disregard of KINCY FIELDS's and JONETTA YOUNG's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

136.   Furthermore, DOE OFFICERS 1-5, inclusive, and each of them, conspired together to use violence and intimidation against KINCY FIELDS and JONETTA YOUNG on May 30, 2020.

**COMPLAINT FOR DAMAGES**

137.   The substantial and motivating reason for DOE OFFICERS 1-5, inclusive, and each of them, to conspire to use of violence and intimidation was because of Plaintiffs' age, race, national origin, clear, apparent vulnerability and mentally and/or physically disabled

138.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, civil penalties against Defendants, statutory damages, and attorney's fees and costs provided by Civil Code section 52(b).

139.   Defendant CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

<u>**THIRTEENTH CAUSE OF ACTION**</u>

**FOR LOSS OF CONSORTIUM**

**(By Plaintiffs KINCY FIELDS and JONETTA YOUNG Against Defendants DOE OFFICERS 1-5 & CITY)**

140.   Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

141.   Plaintiffs KINCY FIELDS and JONETTA YOUNG have been harmed by the severe injuries to FIELDS based upon the misconduct and tortious conduct of Defendants DOE OFFICERS 1-5 and CITY.

142.   Unfortunately, more recently, Plaintiffs FIELDS and YOUNG began experiencing severe losses with each other's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the loss of the enjoyment of sexual relations including, inability to have children. In fact, FIELDS cannot even move his hip well due to his injuries. Plaintiffs FIELDS and YOUNG relationship has been severely impacted as a result of the actions of Defendants DOE OFFICERS 1-5 and other LAPD officers, as alleged above and herein.

**COMPLAINT FOR DAMAGES**

143.   Accordingly, as a direct and proximate cause of the flagrant and unjustified misconduct of Defendants DOE OFFICERS 1-5 and CITY, as alleged above, Plaintiffs FIELDS and YOUNG were injured, humiliated, shocked, and damaged, and suffered and continues to suffer permanent injuries and deficits and continues to suffer shock and injury to his system, pain and suffering, past and future medical care needs, all to Plaintiff FIELDS's and YOUNG's special and general damages in an amount within the jurisdiction of this Court.

144.   Plaintiff FIELDS and YOUNG have past and future medical care costs and permanent injuries and damages. Also, as a direct result of the conduct of the defendants Plaintiffs KINCY FIELDS and JONETTA YOUNG sustained an injury in the form of loss of consortium.

145.   Defendant DOE OFFICERS 1-5, engaged in the acts alleged above maliciously, willfully, and oppressively, and with the intent to harm Plaintiffs. Defendant DOE OFFICERS 1-5 engaged in despicable conduct and acted with a conscious disregard of Plaintiffs' rights and safety with an intent to vex, injure, or annoy Plaintiffs such as to constitute oppression, fraud, or malice under California Civil Code Section 3294. Plaintiffs KINCY FIELDS and JONETTA YOUNG are therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendant DOE OFFICERS 1-5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages in an amount according to proof at the time of trial;

B. For punitive damages against the individual defendants in an amount to be proven at trial;

C. For loss of consortium;

D. For loss of past and future wages and loss of earning capacity;

E. For interest;

///

**COMPLAINT FOR DAMAGES**

F.  For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

G.  For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane Act, The Ralph Act, and other state statutes;

H.  For civil penalties pursuant to the Ralph Civil Rights Act of 1976;

I.  For all other damages allowed under federal and state law;

J.  For injunctive relief; and

K.  For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: August 9, 2021                   **THE LAW OFFICES OF AUSTIN DOVE, ALC**

By: _____
AUSTIN DOVE
CHRISTIAN CONTRERAS
Attorneys for Plaintiffs,
KINCY FIELDS and JONETTA YOUNG

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: August 9, 2021                   **THE LAW OFFICES OF AUSTIN DOVE, ALC**

By: _____
AUSTIN DOVE
CHRISTIAN CONTRERAS
Attorneys for Plaintiffs,
KINCY FIELDS and JONETTA YOUNG

29

**COMPLAINT FOR DAMAGES**